[No. 8154.]

## COLORADO MIDLAND RAILWAY COMPANY V. EDWARDS.

SUPREME COURT—*Error to Court of Appeals—Jurisdiction.* Judgment in the district court for $5,000 affirmed by the court of appeals. Interest accrued thereon subsequent to the original recovery is but an incident of the judgment, and not part of it. Its accrual does not have the effect to confer jurisdiction upon this court to review the judgment of the court of appeals.  (164, 165)

*Error to the Court of Appeals*—Messrs. ROGERS, ELLIS and JOHNSON for plaintiff in error.

Messrs. McKEESON and TRUNER for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

Upon a trial of this cause in the district court of El Paso County, a judgment in damages for personal injuries in the sum of $5,000, together with costs, was awarded and entered in favor of James A. Edwards against the Colorado Midland Railway Company. Thereupon the judgment debtor appealed the case to this court, and it was afterwards, by statute, transferred to the court of appeals where the judgment was affirmed, and an order entered remanding the cause for execution of the judgment. Before the order became effective under the rules prescribed, a writ of error was sued out of this court, directed to the court of appeals, the transcript of the record of the case lodged here, and an application made for a supersedeas. The judgment creditor thereupon questioned the jurisdiction of this court in the premises and interposed a motion to dismiss the writ of error. He contends that, as §§ 5 and 6, S. L. 1911, pp. 266, 268, of the act creating the court of appeals, limits the jurisdiction of this court to rehear cases on writ of error to that court, to those wherein the decision necessarily involves the construction of a provision of the federal or state constitution, or relates to a franchise or freehold, or a judgment for more than $5,000 exclusive of costs, and the judgment in question was for just $5,000 exclusive of costs, the writ of error will not lie.

The judgment debtor, on the other hand, maintains that, as § 3162 R. S., allows interest at the rate of 8% per annum on any judgment recovered before any court or magistrate authorized to enter up the same, from the date of its entry until satisfaction be made, the judgment of the district court was, by force of law, a judgment for more than $5,000, exclusive of costs; and, when affirmed by the decision of the court of appeals, is within the jurisdiction of this court to rehear on error.

We think the contention of the judgment creditor is correct, and the motion to dismiss the writ of error must be sustained. The court of appeals neither increased nor diminished the judgment of the trial court, but simply affirmed it. The interest accruing subsequent to the entry of the judgment in the district court, did not, therefore, become a part of that judgment but remained an incident thereto, the judgment when entered, could have been settled, exclusive of costs, for exactly $5,000, and that necessarily measures the amount of the judgment. Interest arises, not as a part of the judgment, but as a consequence of withholding its payment, and is, therefore, an incident or mere sequence thereof.

While it is true that by the decision of affirmance the amount in controversy was augmented by the interest accruing since the entry of the judgment in the trial court, the judgment in the case, to which the decision of the court of appeals relates, remains the same, and it is that judgment, not the matter in dispute when the case was lodged here, that measures the jurisdiction of this court. Therefore, cases, relied upon by the judgment debtor, under statutes giving appellate courts jurisdiction where the sum or amount in dispute, not the judgment to which the decision relates, exceeds designated sums, are not in point. The purposes and language of the act creating the court of appeals, transferring, and permitting the transference of certain causes from the docket of this court to that, defining its jurisdiction in the premises and authorizing the rehearing of certain cases in this court by writs of error to that, force these conclusions. The court of appeals is to exist for only four years from the date of its creation. The cases it is expressly authorized to determine must come to it from the docket

of this court, not from that of the trial court. In the limited cases where its decisions are not final, the act expressly provides that, ''such cases may be reheard in the supreme court by a writ of error from the latter court under rules to be adopted by it.'' Clearly this means a rehearing in this court of the case as first presented to the appellate tribunal, under such rules as may be adopted by this court. In other words, it is like unto a *de novo* hearing of alleged errors having for its purpose the annulment, correction, modification or affirmance of the judgment of the trial court, irrespective of the judgment of the court of appeals. The fact that under the rule adopted by this court, errors assigned in such reheard cases are limited to those raised by the aggrieved party in his petition for a rehearing in the court of appeals, in no sense militates against this view. The principles underlying the rule is that of abandonment and in no sense changes the character of the hearing in this court. The motion interposed by the judgment creditor is, therefore, sustained and the writ of error dismissed.

Decision *en banc.*